FREDERICK K. SCHILB, Respondent, v. WILLIAM G. PENDLETON et al., Appellants.

**Kansas City Court of Appeals, November 7, 1898.**

1. **Appellate Practice:** EQUITY CASES: DEFERRING TO TRIAL COURT. In equity cases the appellate court passes judgment on the evidence and is not bound by the finding of the trial judge, yet in cases of doubt will defer to such finding.

2. **Tender:** REFUSAL BEFOREHAND: USELESS FORM. Where a tender would be unavailing by refusal in advance, it is unnecessary to go through the ceremony of a formal tender.

3. **Courts of Appeals:** JURISDICTION: TITLE TO LAND: BALANCE DUE ON NOTE. An action to enjoin a sale of real estate and cancel a deed of trust on the ground of payment of the debt secured, involves title to real estate and goes to the supreme court, but where the controversy is as to the amount due on the note, title is not involved and the courts of appeal have jurisdiction.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

W. G. PENDLETON for appellants.

(1) Plaintiff made no tender. Tender to be effectual must be unconditional. Kitchen v. Clark, 1 Mo. App. 430; Holton v. Brown, 46 Am. Dec. 148. Plaintiff could not, without his own fault, have been ignorant of the amount he actually owed; hence no "accounting," as prayed for in the petition, was necessary. In such case he must tender before he has the right of action. Stringham v. Brown, 7 Iowa, 33; Sloan v. Coolbaugh, 10 Iowa, 31; Haggerson v. Phillips, 37 Wis. 364; High on Injunction [3 Ed.], p. 334, sec. 443. (2) Gibson was an indorsee before maturity and for value, without notice of equities. While he

held the note as collateral only, yet he had the entire legal title and the equitable title to the extent of his interest. There is no pretense of a tender of the amount due to him.

C. D. CORUM for respondent.

(1) Where it clearly appears that a tender, if made, would have been unavailing, a tender is unnecessary and need not be shown. Soap Works v. Sayers, 55 Mo. App. 25; Harwood v. Deimer, 41 Mo. App. 48; McManus v. Gregory, 16 Mo. App. 375. (2) By declining to receive less than the face value of the note, defendant waived the production and counting out of the money. Walsh v. Exposition, 101 Mo. 548; Berthol v. Reyburn, 37 Mo. 595; Whelan v. Riley, 61 Mo. 568; Deitchmann v. Deitchmann, 49 Mo. 109. (3) Refusal to receive an amount proffered, on the ground of insufficiency, is a waiver of any informalities in the tender. Whelan v. Riley, 61 Mo. 595. (4) The finding of a trial court, even in an equity case, will not be reversed unless it appears that a preponderance of the evidence is against it. Barlow v. Elliott, 56 Mo. App. 374; Clark v. Bank, 57 Mo. App. 277; Bank v. Keoln, 60 Mo. App. 79; Bartlett v. Brown, 121 Mo. 353; Harris v. Township Board, 22 Mo. App. 465; Keho v. Taylor, 31 Mo. App. 588; Chatman v. McIlwrath, 77 Mo. 38; Snell v. Harrison, 82 Mo. 652; Walker v. Owens, 25 Mo. App. 587.

ELLISON, J.—This is an action to enjoin a sale under a deed of trust made to secure two promissory notes, one for $170 and the other for $258. The judgment below was for plaintiff and defendants appeal.

The former note was paid before the institution of the suit and the controversy relates merely to the amount due on the latter note. Plaintiff claimed

there should be several credits allowed him, aggregating the sum of $165.65, and averred a willingness to pay the balance due. That he tendered what was due thereon which was refused by defendants. That he was prevented from making any further tender for the reason that he was garnished by the judgment creditors of defendant John Babbitt. The petition after making several allegations not necessary to notice here, prays the court to ascertain what sum was due on the note; which plaintiff would immediately pay and asks a perpetual injunction against a sale under the deed of trust and that it be canceled. The trial court allowed a credit of $100 on the note in controversy and found that defendant Gibson had a claim against it for $50 and interest, it having been assigned to him as collateral security for that amount. The sum of $153.82 was found to be yet due on the note and this being paid into court for the owners thereof, the deed of trust was decreed to be canceled.

We have been asked to review the action of the trial court on the evidence in allowing the credit of $100. We have done so and do not feel APPELLATE practice: equity authorized to announce a different concases: deferring to trial court. clusion. While in equity cases we will pass judgment on the evidence for ourselves and are not bound by the finding of the trial judge, yet in cases of doubt we will defer to his finding and refuse to disturb it. The controversy though small involves a great deal of detail in evidence. We have not thought it necessary here to set out in an opinion a specific statement of what the evidence was, nor attempt to state here the views respectively entertained by counsel as to the respective merits of witnesses in the cause.

Defendants contend that no sufficient tender was made of the amount due before beginning the suit.

But the court found that defendants refused to accept anything on the note unless its full face and interest was paid.

*TENDER refusal beforehand: useless form.*

It therefore appearing that a tender would have been refused—would have been unavailing—was refused in advance, it was unnecessary to go through the ceremony of a formal tender. Enterprise Works v. Sayers, 55 Mo. App. 25.

In view of the decision of the supreme court in May v. Trust Co., 138 Mo. 275, we made some question as to our jurisdiction in this cause. But on considering the further decision of that court in the same volume between the same parties, page 447, we conclude

*COURTS of appeals: jurisdiction: title to land: balance due on note.*

that we have. In the first case the court holds that in a suit to enjoin a sale of real estate under a deed of trust and cancel it on the ground that the debt secured thereby had been paid, involved the title to real estate and the jurisdiction was in the supreme court. But in the latter case, where the ground for injunction was that it had been only partly paid and a tender had been made of the balance, which was refused and a sale threatened for the whole debt, the court held the only matter in dispute was the amount due and that it did not involve title to real estate. The case before us falls under the latter head, and hence we assert jurisdiction. This is doubtless the view of the parties, as no question has been raised on that head.

The judgment is affirmed. All concur.